IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 5:23-CR-50056-001 |
| v. | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1957 |
| JIMMY D. FANT, JR. | ) | |

## INFORMATION

The United States of America charges that:

1. At all times material to this Information with all times alleged to be "on or about" and/or "in or about" and all amounts to be "approximately", unless otherwise set forth:

    a. White River Hardwood and Woodworking, Inc. (White River) was a company with offices in Fayetteville Arkansas which manufactured and sold wood and urethane moldings. The owners of White River also owned, Matrix Investment LLC (Matrix) and Castle Dromborg LLC (Castle Dromborg), Arkansas limited liability companies with principal offices in Fayetteville Arkansas.

    b. The defendant, JIMMY D. FANT, JR. (FANT), worked as an accountant for White River beginning in 1999, was promoted to Chief Financial Officer (CFO) in 2015, and left his employment with White River in January 2023. FANT was a salaried employee and was not authorized by White River to receive commission payments over and above his salary.

    c. As part of his employment with White River, FANT managed the finances of White River, Matrix and Castle Dromborg and was an authorized person on bank accounts maintained by these entities at the Bank of Fayetteville.

d. The Bank of Fayetteville was an FDIC insured bank with locations in the Western District of Arkansas which in December 2015 became a subsidiary of Farmers and Merchants Bank, which was also an FDIC insured bank.

e. Beginning in 2013, White River used Isolved Inc. (Isolved), a company headquartered in Charlotte, North Carolina, for time keeping and payroll services. FANT was White River's billing contact person for Isolved and submitted White River's bi-weekly payroll information through Isolved's internet portal.

f. FANT's use of the Isolved internet portal to submit White River's bi-weekly payroll information to Isolved involved the use of interstate wire communications for purposes of 18 U.S.C. § 1343.

g. Based on the bi-weekly payroll information provided by FANT, Isolved used a bank account at Zions First National Bank with principal office in Salt Lake City, Utah to debit the total bi-weekly payroll amount from White River's Bank of Fayetteville account ending 4026 and to make payroll payments by direct deposit to the bank accounts of White River employees including FANT's Bank of Fayetteville account ending 0094.

h. Zions First National Bank accomplished the transfer of payroll funds between White River and its employees including FANT through the Automated Clearing House system, an electronic funds transfer system that uses interstate wire communications to settle funds between the Isolved Zion National Bank account and White River's Bank of Fayetteville account ending 4026 and the Fant Bank of Fayetteville account ending 0094.

i. The transfer of payroll funds between White River and its employees including FANT through the Automated Clearing House system involved the use of interstate wire communications for purposes of 18 U.S.C. § 1343.

## SCHEME TO DEFRAUD

2. Beginning in or about August 2014 and continuing until in or about December 2022, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendant, JIMMY D. FANT, JR., knowingly and voluntarily devised a scheme and artifice to defraud and to obtain money from White River, Matrix and Castle Dromborg through materially false and fraudulent pretenses and representations (hereinafter the "scheme to defraud").

## MANNER AND MEANS OF THE SCHEME

3. The manner and means by which the defendant, JIMMY D. FANT, JR. carried out the scheme to defraud included, but were not limited to, the following:

4. FANT used the Isolved internet portal to falsely and fraudulently represent to Isolved that he was entitled to receive unauthorized "commission payments" from White River that were in addition to the salary that he was actually due. FANT's false and fraudulent representations to Isolved regarding "commission payments" caused Isolved to use the ACH system to make unauthorized "commission payments" totaling more than $3.9 million from White River's Bank of Fayetteville account ending 4026 to FANT's Bank of Fayetteville account ending 0094.

5. As part of the scheme to defraud, FANT made unauthorized and fraudulent transfers from White River's Bank of Fayetteville account ending 4026 totaling approximately $69,000 to pay his 401K contributions and approximately $85,000 to repay loans made to FANT from his 401K account.

3

6. As part of the scheme to defraud, FANT made unauthorized and fraudulent transfers totaling approximately $813,000 from the Matrix Farmers and Merchants Bank account ending 5768 to FANT's Bank of Fayetteville account ending 0094.

7. As part of the scheme to defraud, FANT made unauthorized and fraudulent transfers totaling approximately $317,000 from the Castle Dromborg Farmers and Merchants Bank account ending 5182 to FANT's Bank of Fayetteville account ending 0094.

## ACTS IN FURTHERANCE OF THE SCHEME

8. In furtherance of the scheme to defraud and to accomplish its purposes, the defendant, JIMMY D. FANT, JR., committed and caused to be committed the following acts in the Western District of Arkansas and elsewhere:

9. In December 2022, FANT falsely and fraudulently represented to Isolved through the Isolved internet portal that he was to receive from White River a "commission payment" of $44,659.31.

10. FANT's false and fraudulent representation that he was to receive a "commission payment" of $44,659.31 caused Isolved to use the ACH system to debit the fraudulent commission payment amount from White River's Bank of Fayetteville account ending 4026.

11. On or about December 29, 2022, FANT's false and fraudulent representation that he was to receive a "commission payment" of $44,659.3 caused Isolved to use the ACH system to directly deposit $42,238.97 to FANT's Bank of Fayetteville account ending 0094 which consisted of the fraudulent commission payment plus FANT's salary payment of $2,769.23 minus payroll deductions of $5,189.57.

12. On or about December 29, 2022, FANT used proceeds derived from the fraudulent commission payment made to FANT's Bank of Fayetteville account ending 0094 on December 29, 2022, to obtain a $25,000 cashier's check from the Bank of Fayetteville.

## COUNT ONE
### Wire Fraud
### Title 18 U.S.C. Section 1343

13. The factual allegations in paragraphs 1 through 12 are incorporated herein by reference.

14. On or about December 29, 2022, in the Western District of Arkansas, Fayetteville Division, and elsewhere, defendant, JIMMY D. FANT, JR., for the purpose of executing the aforesaid scheme to defraud, caused to be transmitted by means of wire communications in interstate commerce writings, signs, signals, pictures and sounds, namely interstate wire communications through the ACH system which resulted in a direct deposit to FANT's Bank of Fayetteville account ending 0094 of $42,238.97.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
### Money Laundering
### Title 18 U.S.C. Section 1957

15. The factual allegations in paragraphs 1 through 14 are incorporated herein by reference.

16. On or about December 29, 2022, in the Western District of Arkansas, Fayetteville Division, defendant, JIMMY D. FANT, JR., did knowingly engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00 such property having been derived from a specified unlawful activity; namely, wire fraud in violation of Title 18, United States Code, Section 1343, that is,

FANT obtained a $25,000 cashier's check from the Bank of Fayetteville using funds from his Bank of Fayetteville account ending 0094 which funds were proceeds derived from wire fraud as charged in Count 1.

## **FORFEITURE ALLEGATION**

*Wire Fraud*

1. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this Information, the defendant, JIMMY D. FANT, JR., shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

    a. $6,311.90 seized from Fant's bank account on March 22, 2023,

    b. $93,845.10 in cash, a tennis bracelet, a heart pendant, and hoop earrings seized from Fants's safe deposit box on March 22, 2023,

    c. a 2021 Kubota tractor and a 2020 Hyundai Kona seized on March 28, 2023

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

*Money Laundering*

1. The allegations contained in Count Two of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, the defendant, JIMMY D. FANT, JR., shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

        DAVID CLAY FOWLKES
        UNITED STATES ATTORNEY

By:

        Kenneth Elser
        Assistant U. S. Attorney
        Arkansas Bar No. 89184
        414 Parker Avenue
        Fort Smith, AR 72901
        Telephone: 479-494-4071
        E-mail: Kenny.Elser@usdoj.gov